Matter of Kohn-Mendlowitz v Kohn (2020 NY Slip Op 03403)





Matter of Kohn-Mendlowitz v Kohn


2020 NY Slip Op 03403


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-10742
 (Docket No. F-1860-19)

[*1]In the Matter of Rachel Kohn-Mendlowitz, respondent,
v
Joseph Kohn, appellant.


Thorsen Law Offices, New City, NY (Eric Ole Thorsen and Ilene Kim Graff of counsel), for appellant.
Bloom & Bloom P.C., New Windsor, NY (Kathleen L. Bloom of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated August 21, 2019. The order, insofar as appealed from, after a hearing, in effect, granted the mother's petition to adjudicate the father in willful violation of a prior order of child support dated October 1, 2018, and committed him to the custody of the Orange County Jail for a period of 30 days, which sentence was suspended on the condition that he remain current with his child support obligation. 
ORDERED that the order dated August 21, 2019, is reversed insofar as appealed from, on the law, without costs or disbursements, and the mother's petition to adjudicate the father in willful violation of a prior order of child support dated October 1, 2018, is denied. 
The parties, who were divorced in 2017, have one child together. At the time of the divorce, the father was directed to pay the mother child support, and he subsequently fell into arrears on his support obligation. In an order dated October 1, 2018 (hereinafter the support order), the father was directed to pay basic child support in the sum of $400 per month, $235.71 per month for the child's school tuition, and $500 semi-annually, payable through the Rockland County Support Collection Unit (hereinafter SCU). In addition, the support order fixed the father's child support arrears in the sum of $5,139.97, but specified that "no provision for the collection of same is made herein."
In March 2019, the mother commenced this proceeding alleging that the father was in willful violation of the support order. The petition alleged that the father owed $4,314.26 in total support arrears. Following a hearing, the Family Court determined that the father had become current with his monthly payment obligations under the support order, but that he remained in arrears in the amount of $4,997.07. In an order dated August 21, 2019, made after the hearing, the court, in effect, granted the mother's petition to adjudicate the father in willful violation of the support order, and committed him to the custody of the Orange County Jail for a period of 30 days, which sentence was suspended on the condition that he remain current with his child support obligation. The father appeals.
A parent's failure to pay support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Robinson-Pickett v Sirius-El, 162 AD3d 1046, 1047). Accordingly, evidence that a respondent has failed to pay support as ordered establishes a petitioner's direct case of willful violation, shifting the burden of going forward to the respondent (see Matter of Powers v Powers, 86 NY2d at 69).
Here, the evidence presented at the hearing on the mother's violation petition did not establish, prima facie, that the father failed to comply with the support order (cf. Matter of Lynch v Lynch, 162 AD3d 1034). Although the father had outstanding arrears that predated the support order, the support order specified that "no provision for the collection of same is made herein" and the mother's petition did not seek payment of those arrears. Rather, the petition only sought to enforce the monthly and semi-annual support payments, and the testimony elicited at the hearing demonstrated that the father was current with those payment obligations.
The father's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, under the particular circumstances of this case, we disagree with the Family Court's determination that the father willfully violated the support order.
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court